UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jeffrey Welsh,<br><br>　　　　　　Plaintiff,<br>v.<br>Citibank NA,<br>　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT**<br>JURY |

For this Complaint, Plaintiff, Jeffrey Welsh, by undersigned counsel, states as follows:

## **JURISDICTION**

1.　This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3.　Plaintiff, Jeffrey Welsh ("Plaintiff"), is an adult individual residing in Linden, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(39).

4.　Defendant Citibank NA ("Citibank"), is a South Dakota business entity with an address of P.O. Box 6191, Sioux Falls, South Dakota 57117, and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

5.      Within the last year, Citibank began calling Plaintiff's cellular telephone, number 908-xxx-7832, using an automatic telephone dialing system ("ATDS").

6.      When Plaintiff answered calls from Citibank, he heard silence and had to wait on the line before he was connected to the next available representative.

7.      On or about May 15, 2018, Plaintiff spoke with a live representative and requested that all calls to him cease.

8.      Moreover, Plaintiff also sent a letter requesting that Citibank cease placing calls to his cellular telephone number.

9.      Nevertheless, Citibank continued to place automated calls to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227,** *et. seq.*

10.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

12.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13. Defendant's telephone system(s) have some earmarks of a predictive dialer.

14. When Plaintiff answered calls from Defendant, he heard silence before Defendant's telephone system would connect him to the next available representative.

15. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 12, 2018

Respectfully submitted,

By */s/ Sofia Balile*

Sofia Balile, Esq.
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (917) 981-0849
Facsimile:  (203) 653-3424
E-mail: sbalile@lemberglaw.com
*Attorneys for Plaintiff*